JUDGE ROBERTSON
delivered the opinion op the court:
To an action of trespass brought on the 20th of February, 1863, by the appellee against the appellants, for false imprisonment, they answered, denying any agency in the act imputed to them in the petition.
On the issue thus formed the case progressed until the fall term of the circuit court, 1866, when the appellants filed an amended answer, alleging that the arrest and imprisonment charged in the appellee’s petition were the acts of a Federal band of soldiers under the authority of the President of the United States, against which they, as non-belligerent citizens of Kentucky, remonstrated; and thereupon, they filed a petition for a translation of the case to the Federal court, under the supposed sanction of the act of Congress of May 11, 1866, supplementary to the act of March 3, 1863, providing for the transfer of certain cases to the Federal court.
The circuit court overruled the application, and, we think, properly.
The constitution of the United States being supreme over the President, as well as over every citizen, every unconstitutional act done by him must necessarily be illegal and void; and,'consequently, no citizen or soldier can shield himself from responsibility by pleading an unconstitutional order of the President, which being a legal nullity, could confer no authority.
But as the Federal judiciary must have ultimate jurisdiction over every question involving the Federal constitution, every case in a State court in which that question is an issue may be translated at once from State to Federal jurisdiction; the said acts of Congress being so far constitutional, even though they might be deemed unnecessary and ungracious. And, although so much of the fourth section of the said act of 1863 as pronounces any *462 act done under the order or sanction of the President excusable, and the actor irresponsible, may be manifestly void in every case in which the President had no constitutional power so to act, yet that question may be lawfully deferred to the Federal jurisdiction.
Yet the issue and petition for removal do not bring this case within the provisions of those enactments, but leave it on grounds exclusively cognizable by the State judiciary.
The Federal soldier's whom the amended answer attempts to excuse, by alleging that they made the arrest under the authority of the President, are no parties to this action; and the appellants, as the only parties to it, denying their own participation in the imputed act, and charging it on others not parties, cannot, for themselves or for those others, bring their case within the category contemplated by those congressional enactments. The record presents a case between citizens of the same State, and on an issue involving, as to themselves, no question of constitutional law.
We are therefore of the opinion that the judgment of the circuit court was right.
Wherefore, the judgment is affirmed.